The slip opinion is the first version of an opinion released by the Chief Clerk of the Supreme Court. Once an opinion is selected for publication by the Court, it is assigned a vendor-neutral citation by the Chief Clerk for compliance with Rule 23-112 NMRA, authenticated and formally published. The slip opinion may contain deviations from the formal authenticated opinion.

## IN THE SUPREME COURT OF THE STATE OF NEW MEXICO

Opinion Number:

Filing Date: October 21, 2024

**NO. S-1-SC-39659**

**JOSHUA SMITH, individually and on behalf of other similarly situated individuals,**

Plaintiff,

v.

**INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB, aka, AAA,**

Defendant.

**CERTIFICATION FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW MEXICO**
**William P. Johnson, District Judge**

Valle, O'Cleireachain, Zamora, & Harris
Andrea D. Harris
Albuquerque, NM

Law Office of Kedar Bhasker
Kedar Bhasker
Albuquerque, NM

Corbin Hildebrandt, P.C.
Corbin Hildebrandt
Albuquerque, NM

Law Offices of Geoffrey R. Romero
Geoffrey R. Romero
Albuquerque, NM

for Plaintiff

Allen Law Firm, LLC
Meena H. Allen
Albuquerque, NM

for Defendant

Holland & Hart, LLP
Larry J. Montano
Olga M. Serafimova
Santa Fe, NM

for Amicus Curiae Chamber of Commerce of the United States of America

Allen, Shepherd & Lewis, P.A.
Brant L. Lillywhite
Albuquerque, NM

for Amicus Curiae American Property Casualty Insurance Association and National Association of Mutual Insurance Companies

**OPINION**

**ZAMORA, Justice.**

{1}    This case requires the Court to resolve a single question certified to us by the United States District Court for the District of New Mexico: Does the rule we announced in our opinion in *Crutcher v. Liberty Mutual Insurance Co.*, 2022-NMSC-001, 501 P.3d 433, apply prospectively or retroactively?

{2}    We hold that *Crutcher* applies retroactively. There is a rebuttable presumption that a rule announced in a New Mexico civil case such as *Crutcher* applies retroactively. *Beavers v. Johnson Controls World Servs., Inc.*, 1994-NMSC-094, ¶ 22, 118 N.M. 391, 881 P.2d 1376. That presumption is not overcome here. We did not expressly declare in *Crutcher* that the rule applied prospectively, and *Crutcher* did not state a new rule of law such that Defendant AAA was entitled to rely on pre-*Crutcher* authority. Our intention was for *Crutcher* to apply retroactively. *See Ullman v. Safeway Ins. Co.*, 2023-NMSC-030, ¶ 44, 539 P.3d 668 ("It is within the inherent power of a state's highest court to give a decision prospective or retrospective application without offending constitutional principles." (internal quotation marks and citation omitted)).

## I.    BACKGROUND

{3}    *Crutcher* resolved a significant problem in the uninsured/underinsured motorist (UM/UIM) statutory scheme, which can be explained as follows. The Legislature requires insurance companies to offer minimum liability UM/UIM coverage. *Crutcher*, 2022-NMSC-001, ¶ 33. But, under the broader statutory scheme, when the insured's damages exceed that minimum and the tortfeasor is also covered under a minimum liability policy, the insured's minimum liability UM/UIM coverage in effect provides no additional UIM benefits because any potential benefits to the insured are offset by the coverage of the other insured driver. *Id.* ¶¶ 19-21. Furthermore, because the offset-based statutory scheme is complex, it is unreasonable to expect insurance customers to understand that, when they contract for minimum liability UM/UIM coverage, they in essence may receive only minimum UM benefits and cannot claim UIM coverage toward their additional damages. *Id.* ¶¶ 26, 30. *Crutcher* resolved that problem by holding that minimum liability UIM coverage is illusory and can be sold only with sufficient disclosure. *Id.* ¶ 33.

{4}    In the litigation that gave rise to this certified question, Plaintiff Joshua Smith, on his own behalf and on behalf of similarly situated individuals, sued Defendant AAA in federal district court alleging that the minimum liability UM/UIM coverage

2

he purchased from Defendant AAA was "illusory and/or misleading." Plaintiff brought numerous claims against Defendant AAA, including claims for violating the Unfair Insurance Practices Act, NMSA 1978, §§ 59A-16-1 to -30 (1984, as amended through 2023); violating the New Mexico Unfair Practices Act, NMSA 1978, §§ 57-12-1 to -26 (1967, as amended through 2019); negligent misrepresentation; and unjust enrichment.

{5} Several important factual and procedural events in this case took place prior to the filing of this Court's opinion in *Crutcher*, including Plaintiff's initial purchase of minimum liability UM/UIM coverage, Plaintiff's automobile accident, and the filing of the complaint. Defendant AAA filed a motion to dismiss Plaintiff's lawsuit on grounds that *Crutcher* does not apply. Defendant argued that *Crutcher* applies only prospectively and that insurers had no pre-*Crutcher* duty to disclose the effect of the broader statutory scheme on minimum liability UM/UIM coverage. The federal district court sua sponte certified to this Court the question of whether *Crutcher* applies prospectively or retrospectively, and we accepted the certification.

## II.    DISCUSSION

### A.    New Mexico's Retroactivity Analysis for Civil Cases

{6} Unlike the federal system where a new rule of law announced in a civil case always applies retroactively, *see Harper v. Virginia Dep't of Taxation*, 509 U.S. 86,

3

89, 100 (1993) (adopting rule of universal retroactivity for federal civil cases), New Mexico applies a rebuttable presumption of retroactivity to civil cases, *see Beavers*, 1994-NMSC-094, ¶ 22 ("Because of the compelling force of the desirability of treating similarly situated parties alike, we adopt a presumption of retroactivity for a new rule imposed by a judicial decision in a civil case, in lieu of the hard-and-fast rule prescribed for federal cases in *Harper*.").

{7}     The presumption of retroactivity can be rebutted in two ways. First, "by an *express* declaration, in the case announcing the new rule, that the rule is intended to operate" prospectively. *Id.* (emphasis added). Second, if the case announcing the new rule does not expressly declare that it should apply prospectively, then the presumption of retroactivity can "be overcome by a sufficiently weighty combination of one or more of the *Chevron Oil* factors." *Id.*; *see Chevron Oil Company v. Huson*, 404 U.S. 97, 106-07 (1971) (acknowledging that states incorporate the *Chevron* factors while affirming that "[w]hatever freedom state courts may enjoy to limit the retroactive operation of their own interpretations of state law cannot extend to their interpretations of federal law" (citation omitted)), *disapproved of by Harper*, 509 U.S. at 89, 100.

{8}     We have recently distilled and restated the *Chevron* factors as "(1) whether the decision to be applied prospectively establishes a new principle of law, (2)

4

whether retroactive operation will advance or inhibit the operation of the new rule, and (3) whether retroactive application may 'produce substantial inequitable results.'" *Ullman*, 2023-NMSC-030, ¶ 44 (quoting *Beavers*, 1994-NMSC-094, ¶ 23).

**B.** ***Crutcher* Applies Retroactively**

{9}     Because there is a presumption that our decisions apply retroactively, when this Court intends a rule to apply prospectively, we articulate prospectivity with an express declaration in unmistakable terms. For example in *Rodriguez v. Brand West Dairy*, we stated that "we . . . direct that our holding be prospectively applied to any injury that manifests after the date that our mandate issues in this case pursuant to Rule 12-402(B) [NMRA] . . . [and that] we modify our prospective holding by applying it to the litigants in this case." 2016-NMSC-029, ¶ 51, 378 P.3d 13. Recently, in *Ullman*, we explicitly stated that "the . . . rule we announce in this opinion should be applied prospectively" and further stated specifically that the rule would apply to the litigants in the case, thus modifying the prospective application. 2023-NMSC-030, ¶ 50. And in *Lopez v. Maez*, we stated that the new rule would apply "to prospective cases in which the damages and injuries arise after the date of the mandate in this case" and also to the case at issue "for having afforded [this Court] the opportunity to change an outmoded and unjust rule of law." 1982-NMSC-103, ¶ 18, 98 N.M. 625, 651 P.2d 1269.

{10} Defendant points to two statements in *Crutcher* as purportedly indicating our intention that its holding apply prospectively: "*hereafter*, the insurer shall bear the burden of disclosure to the policyholder," and "we will *now* require every insurer to adequately disclose." 2022-NMSC-001, ¶¶ 32-33 (emphases added). With additional context, the statements are as follows:

> "It is the obligation of the insurer to draft an exclusion that clearly and unambiguously excludes coverage." Therefore, *hereafter*, the insurer shall bear the burden of disclosure to the policyholder that a purchase of the statutory minimum of UM/UIM insurance may come with the counterintuitive exclusion of UIM insurance if the insured is in an accident with a tortfeasor who carries minimum liability insurance. Consistent with the purpose and intent of the UIM statute, this disclosure will allow purchasers to make a fully informed decision when selecting UM/UIM insurance coverage[;]

and

> [minimum liability UM/UIM] coverage is illusory because it is misleading to the average policyholder. As such, we will *now* require every insurer to adequately disclose the limitations of minimum [liability] UM/UIM policies in the form of an exclusion in its insurance policy. If the insurer provides adequate disclosure, it may lawfully charge a premium for such coverage.

*Crutcher*, 2022-NMSC-001, ¶¶ 32-33 (citation omitted) (emphases added).

{11} The language in *Crutcher* relied upon by Defendant is readily distinguishable from the kinds of *express* declarative statements we have used in the past to announce our intention that a rule apply prospectively. *See Ullman*, 2023-NMSC-030, ¶ 50 ("[W]e conclude that the stacking disclosure rule we announce in this

opinion should be applied *prospectively*." (emphasis added)); *Lopez*, 1982-NMSC-103, ¶ 18 ("[W]e apply this decision to this case for having afforded us the opportunity to change an outmoded and unjust rule of law and to *prospective* cases in which the damages and injuries arise after the date of the mandate in this case." (emphasis added)). Instead, the language in *Crutcher* merely clarifies how our rules should be followed and explains how an insurance company can avoid future liability when selling minimum liability UM/UIM coverage. Nowhere does the word "prospective" (or any related term) appear in connection with an insured's liability coverage.

{12}  Nor does an analysis under *Beavers* command that we give our decision in *Crutcher* prospective effect. Defendant's brief in chief relies on the first and third *Beavers* factors, arguing that the rule from *Crutcher* was "'a new principle of law,'" *Beavers*, 1994-NMSC-094, ¶ 23, because it was not foreshadowed by prior opinions, and, relatedly, that Defendant "was entitled to rely on" pre-*Crutcher* law.

{13}  Contrary to Defendant's contention, the holding in *Crutcher* was clearly foreshadowed. In 2010, we stated in *Progressive Northwestern Ins. Co. v. Weed Warrior* that minimum liability UM/UIM coverage provided "only UM coverage," and that "the inclusion of 'UIM' in the statute [is therefore] superfluous." 2010-NMSC-050, ¶ 10, 149 N.M. 157, 245 P.3d 1209. We added that an injured driver

7

with minimum liability UM/UIM coverage, "though in theory having purchased UIM coverage, would in fact have purchased only UM coverage." *Id.* Thus, we stated, "[a]n insured carries UIM coverage only if the UM/UIM limits on her or his policy are greater than the statutory minimum." *Id.* We further stated that our courts "will not impose on the consumer an expectation that she or he will be able to make an informed decision as to the amount of UM/UIM coverage desired or required *without first receiving information from the insurance company*." *Id.* ¶ 13 (emphasis added).

{14}     *Weed Warrior*'s foreshadowing of *Crutcher* is evident in *Crutcher* itself, where we quote or cite *Weed Warrior* for at least three core analytical precepts. First,

> "[t]he courts of New Mexico assume the average purchaser of automobile insurance will have limited knowledge of insurance law, and we will not impose on the consumer an expectation that she or he will be able to make an informed decision as to the amount of UM/UIM coverage desired or required without first receiving information from the insurance company."

*Crutcher*, 2022-NMSC-001, ¶ 26 (quoting *Weed Warrior*, 2010-NMSC-050, ¶ 13). Second, "[a]s has been established, a tortfeasor who carries minimum limits UM/UIM coverage or higher may never fit the definition of an 'underinsured motorist' according to the statute, rendering a policyholder unable to collect UIM insurance." *Id.* ¶ 27 (citing *Weed Warrior*, 2010-NMSC-050, ¶ 10). And third, the "'injured driver, though in theory having purchased UIM coverage, would in fact

8

have purchased only UM coverage—rendering the inclusion of 'UIM' in the statute superfluous.'" *Id.* ¶ 21 (quoting *Weed Warrior*, 2010-NMSC-050, ¶ 10).

{15} In fact, *Crutcher* explicitly identifies the strong connection to *Weed Warrior*. The *Crutcher* Court states that it was "simply identifying the same consequence previously illuminated in *Weed Warrior*" and quotes the statement in *Weed Warrior* that "'[a]n insured carries UIM coverage only if the UM/UIM limits on her or his policy are greater than the statutory minimum of $25,000.'" *Crutcher*, 2022-NMSC-001, ¶ 27 (quoting *Weed Warrior*, 2010-NMSC-010, ¶ 10).

{16} Finally, the federal district court *squarely predicted* years ago in two memorandum opinions that this Court would hold that minimum liability UM/UIM coverage is illusory under New Mexico law. *See Bhasker v. Kemper Cas. Ins. Co.*, 284 F. Supp. 3d 1191, 1236 (D.N.M. Jan. 10, 2018) (memorandum opinion and order) (stating in 2018 that "the Supreme Court of New Mexico would conclude that the [minimum liability] UM/UIM coverage that [the plaintiff] purchased is illusory"); *Bhasker v. Kemper Cas. Ins. Co.*, 361 F. Supp. 3d 1045, 1146-47 (D.N.M. Feb. 7, 2019) (memorandum opinion and order) (predicting in 2019 that this Court would find minimum liability UM/UIM coverage to be illusory).

{17} Accordingly, *Crutcher* did not create a new rule under the *Beavers* framework. *See Beavers*, 1994-NMSC-094, ¶ 23 (stating that a new rule of law may

9

be established by, in relevant part, "deciding an issue of first impression whose resolution was not clearly foreshadowed"). Furthermore, considering "the prior history of the rule in question [and] its purpose and effect," we can only conclude that retroactive application will further its operation. *See id.* While the prospective application of the *Crutcher* holding would perpetuate the illusion identified in *Weed Warrior* and prevent those with illusory UIM insurance coverage prior to *Crutcher* from pursuing claims of misrepresentation, retroactive application will further the policies set out in our prior application of our uninsured motorist statute, requiring that coverage decisions by an insured be knowing and intelligently made. *See Romero v. Dairyland Ins. Co.*, 1990-NMSC-111, ¶ 9, 111 N.M. 154, 803 P.2d 243. Finally, given that no new rule was created in *Crutcher*, Defendant was not entitled to rely on pre-*Crutcher* authority, and it is not inequitable to apply *Crutcher* retroactively. *See Beavers*, 1994-NMSC-094, ¶ 38. In sum, we conclude that the presumption of retroactivity has not been overcome.

**III.    CONCLUSION**

{18}    For the reasons stated, *Crutcher*, 2022-NMSC-001, applies retroactively.

{19}    **IT IS SO ORDERED.**

_____
**BRIANA H. ZAMORA, Justice**

10

**WE CONCUR:**

_____
**DAVID K. THOMSON, Chief Justice**

_____
**MICHAEL E. VIGIL, Justice**

_____
**C. SHANNON BACON, Justice**

_____
**JULIE J. VARGAS, Justice**